UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EYAL VADAI, on behalf of himself and others similarly situated,<br><br>               Plaintiff,<br><br>-against-<br><br>DUN & BRADSTREET CREDIBILITY CORP.<br><br>               Defendant. | No. _____<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

Plaintiff Eyal Vadai ("Plaintiff"), individually and on behalf of all other similarly situated, through counsel, and for its complaint against defendant Dun & Bradstreet Credibility Corp. ("Defendant"), states and alleges as follows:

## NATURE OF THE ACTION

1.   This action seeks statutory damages and injunctive relief pursuant to the Telephone Consumer Protection Act, codified at 47 U.S.C. § 227, in connection with unsolicited telemarketing calls made by Defendant to the cellular telephone of Plaintiff and others similarly situated.

## JURISDICTION

2.   This Court possess subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the claims asserted herein arise under Federal law and pursuant to 28 U.S.C. § 1332(d) because the amount in controversy is, upon information and belief, in excess of $5 million and there is minimal diversity between plaintiff and defendant.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant conducts business in this district and acts alleged herein occurred within this district.

## PARTIES

3. Plaintiff Eyal Vadai ("Plaintiff") is an individual residing in this district.

4. Defendant Dun & Bradstreet Credibility Corp. ("Defendant") is, upon information and belief, a corporation registered in the State of Delaware and registered as a foreign business in the State of New York.

## TELEPHONE CONSUMER PROTECTION ACT

5. The Telephone Consumer Protection Act is codified at 47 U.S.C. § 227 (the "Consumer Protection Act").

6. The Consumer Protection Act provides that it is "*unlawful for any person within the United States…to make any call* (other than a call made for emergency purposes or made with the prior express consent of the called party) *using any automatic telephone dialing system* or an artificial or prerecorded voice…*to any telephone number assigned to a…cellular telephone service…*" (47 U.S.C. § 227(b)(1)(A)(iii)) (emphasis added.)

7. The Consumer Protection Act further provides that "[t]he term 'automatic telephone dialing system' means equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." (47 U.S.C. 227(a)(1)) (an "Automatic Telephone Dialing System").

8. The Consumer Protection Act, to compel compliance with its prohibitions, provides that:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
>
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> (C) both such actions.

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

(47 U.S.C. § 227(b)(3).)

9. All acts attributed to Defendant in this Class Action Complaint shall be deemed to refer to acts by any agent, associate, affiliate, subsidiary or joint venturer of Defendant or any act taken by any person, as defined in 47 U.S.C. § 153, on behalf of or for the benefit of Defendant.

## FACTUAL ALLEGATIONS
## REGARDING CALLS FROM DEFENDANT TO PLAINTIFF

10. Plaintiff never provided permission to Defendant to call his cellular telephone nor to contact him regarding any services offered by Defendant.

11. On February 10, 2014, Plaintiff received a phone call from Defendant on Plaintiff's cellular telephone.

12. Plaintiff answered this call, unaware it was a call from Defendant, and Defendant's representative stated she was calling from Defendant and then proceeded to attempt to sell to Plaintiff a service offered by Defendant for an annual fee of $495.

13. Plaintiff informed the Defendant's representative that she was calling Plaintiff's cellular telephone number but Defendant's representative nonetheless persisted in attempting to sell to Plaintiff a service offered by Defendant.

14. Plaintiff asked Defendant's representative if she had any permission on file permitting Defendant to call Plaintiff's cellular telephone. Defendant's representative informed Plaintiff that she was unaware of any authorization by Plaintiff permitting Defendant to telemarket to Defendant's cellular telephone.

15. Plaintiff asked Defendant's representative how she obtained Plaintiff's cellular phone number and she indicated that it was stored on Defendant's phone system and that this system would select the phone number to be dialed. Upon information and belief, Defendant called Plaintiff from a phone system that can dial phone numbers.

16. Plaintiff received similar unsolicited marketing calls from Defendant preceding the call from Defendant on February 10, 2014.

17. Defendant never advised Plaintiff of Defendant's phone number or address during any of its unsolicited calls to Plaintiff.

18. Upon information and belief, including the representations made by Defendant's representative, the telemarketing calls from Defendant to Plaintiff were placed by Defendant using an Automatic Telephone Dialing System.

## FACTUAL ALLEGATIONS
## REGARDING PLAINTIFF'S REVIEW OF ONLINE FORUMS

19. Plaintiff entered the precise phone number from which Defendant called him into an online search engine and the search results included numerous online forums dedicated to comments regarding unsolicited calls from this same exact phone number. The following are just a handful of comments from just three of these forums:

- "Keeps calling cell number and never leaves a message…" (May 10, 2011)

- "We are a very small manufacturing company and we also got a call from Dunn and Bradstreet Credibility saying there had been 17 inquiries within the last 90 days and our D&B information was not up to date. The caller was pretty smooth saying 'she was concerned about the way our rating was being reported' but she was 'not allowed to name the vendors that had

checked our D&B reports'. … We have NEVER had a vendor question our creditworthiness since we pay ALL our bills in a timely manner. In the past 90 days we have contacted a single new vendor and none of our current vendors have placed a call to our company looking for payment....so 17 inquiries to D&B is a baldfaced lie." (Aug. 12, 2011)

- "we've received several calls from these jerks, at our business - the latest one today and it's always the same-o same-o today it was 9 inquiries into our credit rating and I could hear the other telemarketers/scammers in the background." (Sep. 22, 2011)

- "CAUTION - DIRTBAG ALERT… These cockroaches call TWICE a day. Any reputable, ethical facility won't do that… D&B scam" (Oct. 14, 2011)

- "Get the same call almost daily..." (Oct. 27, 2011)

- "received a call from this # today from a Christine Hervey. She said there was activity on the company credit card. ( It is a small company and there is not one credit card in the company name) so I knew something seemed fishy." (Nov. 7, 2011)

- "Christine Pickett from Dun and Bradstreet, lots of credit reports pulled, what have you been doing to generate this interest - must be working. BS, we're a small company with few credit and no TERM accounts...This is a scam." (Dec. 16, 2011)

- "I recieved [sic] the same sort of call from these people who claimed that there were a lot of activity on my business credit report. I told her that was funny since I do not have a "business" credit card." (Dec. 22, 2011)

- "they keep calling my cell phone but never leave any message." (Feb. 10, 2012)

- "Called and said 6 companies have complained about my husbands company. All of their info was wrong…" (Feb. 21, 2012)

- "just won't stop calling......." (Aug. 21, 2012)

- "This # is for Dun & Bradsreet Credibilty [sic] Corp which is a partner of D&B." (Mar. 16, 2013)

- "Today I received an unwanted call from this number. They stated they had information about my business credit report. Sounds like a hoax and scam to me. Am reporting the number as my business is listed on the national do not call registry." (Mar. 27, 2013)

- "Illegal robocall claiming to be from Dunn and Bradstreet calling about suspicious activity on our business credit report. The recording then went on to tell me to press whatever number to speak to a live rep or if they have called at an inconvenient time, they will try calling back! Another day, another telespammer." (Aug. 29, 2013.)

- "Dun & Bradstreet is responsible for trying to bilk businesses out of money using a phony line. I have received multiple calls from this number. I think DNB needs to fix it." (Jan. 7, 2014)

- "We keep receiving phone calls from this number, they ask if they can speak to the business owner. When I tell them he is not available can I help them they say they are with Dunn & Bradstreet and its very important they talk to the owner about activity on our business credit report. We have told them to stop calling but they don't they call at least once a week." (Jun. 7, 2012)

- "I still receive calls from these clowns. Wish there was a law...." (Jul. 10, 2012)

- "Call #4 today. Dun & Bradstreet once again reports that there have been 6 (six) businesses that have looked at our companies credit report. How come its always 6? Shouldn't they change it up a bit?? Wouldn't 20 sound more impressive? When you are making shit up why stop at a mere six..." (Nov. 12, 2013)

20.    The Wall Street Journal reported on June 20, 2013 that "Brian Shappell, a government-affairs liaison for the National Association of Credit Management, a credit-industry advocacy group representing more than 15,000 business-credit and financial professionals worldwide, said Dun & Bradstreet Credibility's marketing has prompted numerous complaints from business owners to lawmakers and state agencies around the country" and noted hundreds of complaints to the Federal Trade Commission related to telemarketing of one of Defendant's services.

**CLASS ACTION ALLEGATIONS**

21.    Plaintiff brings this action as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure for all claims.

22. Plaintiff brings this class action on behalf of himself and all others persons within the United States who within the four year period prior to filing this Class Action Complaint (the "Class Period") received on their cellular phone one or more telemarketing calls from Defendant or its agents using an automatic telephone dialing system. Excluded from the class definition is Defendant or any of its employees or agents, or any of their family members, or anyone from whom Defendant has in its records express consent to market to such person goods or services offered by Defendant. (The "Class").

23. The members of the Class are so numerous that joinder of all Class members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time, this information is easily ascertainable through discovery of Defendant's records, and Plaintiff believes that there are likely thousands, if not more, individuals in the Class.

24. Questions of law and fact common to the Class as a whole include, but are not limited to, the following:

  a. Whether Defendant made calls to cellular telephones using an automatic telephone dialing system during the Class Period to sell goods or services offered by Defendant?

  b. Whether Defendant should be enjoined from making such calls?

25. Plaintiff's claims are typical of the claims of the other members of the Class, as the Plaintiff and all members of the Class were called by Defendant seeking to market to them goods or services offered by Defendant without their prior consent.

26. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class and have retained counsel competent and experienced in complex civil

litigation. The interests of Plaintiff are coincident with and not antagonistic to the interests of the other members of the Class.

27. Class certification of Plaintiff's claims is appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant. In addition, Class certification of Plaintiff's claims is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate injunctive relief with respect to Plaintiff and the Class as a whole. The members of the Class are entitled to injunctive relief to remedy Defendant's ongoing statutory violations.

28. Class certification of Plaintiff's claims is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly adjudicating the controversy. Moreover, statutory damages for any one individual plaintiff are not sufficient to induce individual class members to control the prosecution of separate actions and management of these claims as a single class action is more desirable and creates less difficulties than that presented by individuals claims by each class member

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227

29.     Plaintiff hereby repeats and re-alleges the allegations contained in Paragraphs 1 through 28 as if fully set forth herein.

30.     Defendant, directly or through its agents, used an Automatic Telephone Dialing System to call Plaintiff and other Class members' cellular telephone numbers, without their prior consent, marketing goods or services offered by Defendant.

31.     Based on the foregoing, Plaintiff and other Class members are entitled to an award of $500 for each call made by Defendant in violation of 27 U.S.C. § 227 as well as injunctive relief prohibiting such conduct in the future.

### COUNT II
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227

32.     Plaintiff hereby repeats and re-alleges the allegations contained in Paragraphs 1 through 31 as if fully set forth herein.

33.     Numerous complaints have been lodged against Defendant to, *inter alia*, the FCC, lawmakers and state agencies around the country related to Defendant's telemarketing practices. Defendant has nonetheless persisted in its violations of 47 U.S.C. § 227.  Defendant even persisted in attempting to sell to Plaintiff its services even after Plaintiff expressly advised Defendant's representative that Defendant was calling Plaintiff's cellular telephone.

34.     Defendant, directly or through its agents, knowingly and/or willfully used an Automatic Telephone Dialing System to call Plaintiff and other Class members' cellular

telephone numbers, without their prior consent, marketing goods or services offered by Defendant.

35. Based on the foregoing, Plaintiff and other Class members are entitled to an award of $1,500 for each call made by Defendant in violation of 27 U.S.C. § 227 as well as injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment granting the Class members the following relief:

A. As to Count I:

A common fund comprising an award of $500 in statutory damages for each and every telephone call made in violation of 47 U.S.C. § 227 and injunctive relief prohibiting such conduct in the future.

B. As to Count II:

A common fund comprising an award of $1,500 in statutory damages for each and every telephone call made in violation of 47 U.S.C. § 227 and injunctive relief prohibiting such conduct in the future.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

Dated:  March 10, 2014
        New York, New York

LAW OFFICE OF AARON SIRI

_____
Aaron Siri
120 East 31st Street
New York, New York 10016
Tel: (212) 532-1091

*Attorneys for Plaintiff*