UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EYAL VADAI, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>DUN & BRADSTREET CREDIBILITY CORP. and ON-LINE COMMUNICATIONS, INC. dba OLC GLOBAL, INC.,<br><br>Defendants. | No. 14-cv-1617 (LLS)<br><br>**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |

**I.      INTRODUCTION**[1]

Plaintiff, by his undersigned counsel, hereby files his Motion For Class Certification against Dun & Bradstreet Credibility Corp. ("D&B") and its telemarketer agent On-Line Communications, Inc. dba OLC Global, Inc. ("OLC") (collectively, "Defendants").

On behalf of himself and all others similarly situated, Plaintiff asserts claims against Defendants for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA"). Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff, by and through his counsel, hereby respectfully moves the Court for an Order certifying the Rule 23 Class as defined in the Second Amended Class Action Complaint, or such other classes or subclasses as may be appropriate.

For the reasons stated herein, Plaintiff also respectfully requests the Court defer any briefing or hearings related to this Motion, and not rule on this Motion until such time as the

---

[1] While not required, Plaintiff files this motion at this juncture only to preserve the putative class claims and avoid any improper attempt to moot the named Plaintiff's claims. Plaintiff asks that this motion be entered and continued until appropriate discovery has been conducted.

parties have had an adequate opportunity to conduct discovery and submit appropriate memoranda of law on the issue of class certification.

## II.   ARGUMENT

In the Second Circuit, some courts suggest that class claims can be rendered moot if a Defendant makes an individual settlement offer before a Plaintiff has moved to certify a class. *See Franco v. Allied Interstate LLC*, 2014 U.S. Dist. LEXIS 47077 (S.D.N.Y. Apr. 2, 2014) *citing Doyle v. Midland Credit Management, Inc.*, 722 F.3d 78, 81 (2d Cir. 2013) ("A valid offer of judgment that would satisfy a plaintiff's entire claim for relief by offering the maximum recoverable amount under the statute renders a plaintiff's claim moot, even if plaintiff refuses the offer of judgment."); *but see Morgan v. Account Collection Technology, LLC*, No. 05-cv-2131-KMK, 2006 U.S. Dist. LEXIS 64528, at *13-14 (S.D.N.Y. Sept. 6, 2006) (noting that "courts consider the timing of the offer and the diligence of the plaintiff in pursuing class certification to determine if the plaintiff had a reasonable opportunity to file class certification or if there has been undue delay") (citing cases). Given this, plaintiffs in the Second Circuit may file a motion for class certification at the time they file their Complaint or shortly thereafter, to prevent any improper attempt to moot a named class representative's claim by a Rule 68 offer. *See Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.*, 242 F. Supp. 2d 273, 278 (S.D.N.Y. 2002) (denying defendant's request to dismiss plaintiff's claims as moot after they rejected a Rule 68 offer of judgment because plaintiffs had filed a motion for class certification, which had not yet been fully briefed); *Ambalu v. Rosenblatt,* 194 F.R.D. 451, 453 (E.D.N.Y. 2000) (holding that in a class action context where a class action has not been certified and no motion for class certification has been made, a Rule 68 offer of judgment mooted named class representative's claim requiring dismissal for lack of subject matter jurisdiction). This approach is consistent with Federal Rule of Civil Procedure 23(c)(1)(A), which "permits district courts to

2

wait until 'an early practicable time' before ruling on a motion to certify a class." *Id.* At times, such a ruling calls for the court to look beyond the pleadings. *Id*.

In light of the above, and Plaintiff's desire to certify a class in this matter in any event, Plaintiff respectfully requests that the Court grant this motion. Doing so will preserve the appropriate interests of the parties and the putative class members, and will allow the Court to establish a reasonable schedule for briefing the class certification motion in full.

As shown below, it is apparent from the information already known that this case is suitable for class treatment. Because the case is still in its infancy, Plaintiff has requested leave to file a memorandum in support of class certification.

### III.   THE CLASS SATISFIES THE REQUIREMENTS FOR CLASS CERTIFICATION

Plaintiff proposes the following class definition, subject to amendment as appropriate:

> All persons within the United States who, from March 10, 2010 through the present, received a non-emergency telemarketing call from or on behalf of D&B to a cellular telephone through the use of an automatic telephone dialing system.

Excluded from the Class are all persons who did not release their cellular phone number to Defendants and state that Defendants may place telemarketing calls to their cellular telephones; Defendants and any entities in which the Defendants have a controlling interest; the Defendants' agents and employees; and any Judge to whom this action is assigned.

#### A.   Nature of the Case

Congress enacted the Telephone Consumer Protection Act, 7 U.S.C. § 227 ("TCPA") to prevent autodialed and prerecorded calls by companies that escaped state invasion of privacy and nuisance statutes by operating interstate. *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740, 745 (2012).  The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."

Unlike many federal statutes, Congress embedded the reasons for the TCPA into the statute itself with explicit "Congressional Findings." 105 Stat. 2394, §§ 10, 12, 14 (notes following 47 U.S.C. § 227). The Supreme Court explicitly cited these Congressional Findings in noting that "'automated or prerecorded telephone calls' . . . were rightly regarded by recipients as 'an invasion of privacy.'" *Mims*, 132 S. Ct. at 745 (citing 105 Stat. 2394).

Section 227(b)(1)(A)(iii) of the TCPA accordingly prohibits the use of autodialers to make any call to a wireless number for any purpose, other than an emergency, absent the prior express consent of the called party. Under this "prior express consent" standard, the FCC has found that consumers are deemed to have consented to telemarketing calls *only if* they have "(a) clearly stated that the telemarketer may call, and (b) clearly expressed an understanding that the telemarketer's subsequent call will be made for the purpose of encouraging the purchase or rental of, or investment in, property, goods or services." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd 8752, 8753 (1992). The FCC has explained that only persons who "knowingly release their phone numbers to a business" will be deemed to have given prior express consent. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14115 (2003).

In a subsequent Declaratory Ruling, the FCC reiterated that "a company on whose behalf a telephone solicitation is made bears the responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 FCC Rcd. 559 (2008) (specifically recognizing "on behalf of" liability in the context of a an autodialed or prerecorded message call sent to a consumer by a third party on another entity's behalf under 47 U.S.C. 227(b)). The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate

responsibility for any violations." *See* FCC Declaratory Ruling, Memorandum and Order, 10 FCC Rcd. 12391, 12397 (¶ 13) (1995).

At issue in this case are numerous telephone calls that Defendants placed to Plaintiff (and the proposed class members) through the use of an automatic telephone dialing system as described in 47 U.S.C. §§ 227(a)(1), (b)(1)(A).

Under the TCPA and pursuant to the FCC's regulations, the burden is on Defendants to demonstrate that Plaintiff and Class members provided express consent within the meaning of the statute, because they are best suited to determine how the cellular telephone numbers were obtained.

**B.      Rule 23 is Satisfied.**

All requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied in the class. As Judge Easterbrook recently observed, class certification is the norm in TCPA cases. *Ira Holtzman, C.P.A., & Assocs. v. Turza*, 728 F.3d 682, 684 (7th Cir. Ill. 2013) ("Class certification is normal in litigation under under § 227. . . .").

The class is so numerous that joinder of all members is impractical. Fed. R. Civ. P. 23(a)(1). Plaintiff does not currently know the exact number of Class members in this action, but reasonably believes Class members number, at minimum, in the thousands. At this point, it is not necessary that the precise number of class members be known: "A class action may proceed upon estimates as to the size of the proposed class." *In re Alcoholic Beverages Litig.*, 95 F.R.D. 321, 324 (E.D.N.Y. 1982). The court may "make common sense assumptions in order to find support for numerosity." *Cannon v. Nationwide Acceptance Corp.*, No. 96 C 1136, 1997 U.S. Dist. LEXIS 3517, at *5-6, 1997 WL 139472, at *2 (N.D. Ill. Mar. 25, 1997) (quoting *Evans v. United States Pipe & Foundry*, 696 F.2d 925, 930 (11th Cir. 1983)). "[T]he court may assume sufficient numerousness where reasonable to do so in absence of a contrary showing by

defendant, since discovery is not essential in most cases in order to reach a class determination . . . Where the exact size of the class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." *Newberg on Class Actions* (3d ed. 1992), §7.22.A.

There are questions of fact or law common to the class, which predominate over any questions affecting only individual members. Fed. R. Civ. P. 23(a)(2), Fed. R. Civ. P. 23(a)(3); These common questions include the following:

  a. Whether Defendants used an automatic telephone dialing system in making telemarketing calls to Class members' cell phones;

  b. Whether Defendants' conduct was knowing and/or willful;

  c. Whether Defendants are liable for statutory damages;  and

  d. Whether Defendants should be enjoined from engaging in such conduct in the future.

As a person who received non-emergency telephone calls using an automatic telephone dialing system, without his prior express consent to the Defendants within the meaning of the TCPA, Plaintiff asserts claims that are typical of each Class member who also received such phone calls.  Further, Plaintiff will fairly and adequately represent and protect the interests of the Class.

Plaintiff has retained counsel experienced in handling class action claims involving violations of federal consumer protection statutes, including claims under the TCPA.

Prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants.  Fed. R. Civ. P. 23(b)(1).

6

1186649.1

Defendants have acted or refused to act on grounds generally applicable to the, making appropriate final injunctive relief with respect to Plaintiff and the Class as a whole, including but not limited to removing all cellular telephone numbers from Defendants' automatic telephone dialing systems on an ongoing basis, and corresponding declaratory relief.  Fed. R. Civ. P. 23(b)(2).

A class action is a superior method for the fair and efficient adjudication of this case. Fed. R. Civ. P. 23(b)(3). The claims brought by Plaintiff are shared by thousands of consumers. Fed. R. Civ. P. 23(a)(3). The resolution of all claims held by members of the classes in a single proceeding would promote judicial efficiency. Furthermore, members of the class may not be aware of their rights under the law to recover for Defendants' practices.

WHEREFORE, Plaintiff respectfully requests that this Court enter and continue this motion until Defendants respond to class discovery, grant Plaintiff leave to file a memorandum of law in support of class certification and subsequently an order certifying the class.

Dated:  July 22, 2014                    By: /s/ Jonathan D. Selbin

                                        LIEFF, CABRASER, HEIMANN &
                                        BERNSTEIN, LLP
                                        Jonathan D. Selbin
                                        Email:  jselbin@lchb.com
                                        Jeremy Troxel
                                        Email:  jtroxel@lchb.com
                                        250 Hudson Street, 8th Floor
                                        New York, NY  10013
                                        Telephone:  (212) 355-9500
                                        Facsimile:  (212) 355-9592

1186649.1

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Daniel M. Hutchinson (*pro hac vice* pending)
Email:  dhutchinson@lchb.com
275 Battery Street, 29th Floor
San Francisco, California  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

SIRI & GLIMSTAD LLP
Aaron Siri
Email: aaron@sirillp.com
120 East 31st Street
New York, New York 10016
Tel: (212) 532-1091
Facsimile: (646) 417-5967

*Attorneys for Plaintiff and the Proposed Class*

8